Judge Logan
delivered the opinion of the court.
This was a suit for land upon the following entry:—
“December 21 si, 1782. John May, assignee, &e. enters • “3000 acres, upon two treasury warrants, No. &c. on the “east side of-ancladjoining Patrick Henry’s 3000. acre en“try, which joins Samuel Beaile’s 5000 acre entry, on a “creek running into Kentucky on the south side, about, Far' “5 miles from the mouth, and also on the east side of and “a&ushTg James Taylor’s 2875 acre-entry, which lies'^d- *283 “joining the said Henry’s entry, to lie along their east sides ‘‘binding thereon, and running thence at right angles to “their lines eastwardly for quantity.”
On the same day an entry was made in the name pf Patrick Henry for 3000 acres; and one for James Taylor for 2875 acres. Taylor’s calls to adjoin Henry’s on the south side, “to lie along his southardly boundary, and to run from thence at right angles southardly for quantity.”
And Patrick Henry’s entry calls “to lie on the south west side of Samuel Bealle’s entry of 5000 acres, on (a creek running into Kentucky river, on the south side, about 4 or 5 miles from the mouth, to begin at his S E porner, and to run thence along his lines westwardly, and thence soutbardly for quantity.”
Samuel Bpalle had previously entered 5000 acres on the south side of a creek running into Kentucky On the south side, about 4 or 5 miles from the mouth thereof, to begin on a line S 60 east, 100 poles from a deer lick, an<f about half a mile below the main fork thereof, at which is a beech tree, and to run thence S 30 W, 800 poles, thence southeastward^ at right angles, &c. for quantity.
It will be unnecessary to investigate this entry; for admitting it to be valid, and to occupy the ground now contended for as its place of beginning; and we are of opinion that the claim of the appellants cannot conformably to any correct, uniform, or just rule of construction, be made to conflict with the survey of the appellee.
If the entries of Henry, Taylor and May, are surveyed jn a square, then no interference will be produced between the claims in contest. And if the expression in May’s eq-try, “to lie along their east sides binding thereon,” after having called to adjoin them on the east side, ought to be construed as indicating a different figure to the claim, binding on the east sides the whole length instead of assuming a square-only, as was contended in argument: so, upon the same rule of construction, ought the entries of Henry and Taylor to be expounded; for, after the call in each to adjoin on a given side the preceding entry, they contain moreover the additional call, all substantially of the .same import, to lie along, or to run thence along his lines.
Now, if the expression, after the call to adjoin on a given side, to lie or run along the line called for, implies an intention to go the whole length of that line, and thereby adopting as the rule of its exposition, an oblong based on *284 that line, then it follow's that not only May’s, but likewise Henry’s and Taylor’s entries, will, under the same implication from similar calls, occupy the whole line they respectively call to adjoin and to run along. And by laying down the entries agreeably to this construction, no ihterferencé will be produced with the claim of the appellee.
Hughes and Pope for appellants, Bibb and Haggin for ap-pellees.
The opinion of the1 court below is therefore correct and must be affirmed with cost.